**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 25-cv-03648-REB

L.Q.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

---

**ORDER AFFIRMING ACTING COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed November 13, 2025,

seeking review of the Commissioner's decision denying plaintiff's claims for disability

insurance benefits and supplemental security income benefits under Titles II and XVI of

the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the

Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully

briefed, obviating the need for oral argument.[2]  I affirm.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she is disabled as a result of a osteoarthritis, chronic respiratory

disorder, asthma, obesity, and major depressive disorder.  After her applications for

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  Although the parties consented to have the matter referred to and determined by a United States magistrate judge (*see* [#10], filed November 20, 2025), I exercise my discretion under **D.C.COLO.LAPR** 72.2(d) to decline to enter an order of reference under 28 U.S.C. § 636(c).

disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on January 6, 2025.  At the time of the hearing, plaintiff was 54 years old.  She was found to have at least a high school education and no past relevant work experience.  She has not engaged in substantial gainful activity since at least April 29, 2022.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established plaintiff suffered from severe impairments, the judge found the severity of those impairments did not meet or equal any impairment listed in the social security regulations; other alleged impairments were found to be non-severe or to not constitute medically determinable impairments.  The ALJ determined plaintiff had the residual functional capacity to perform a range of light work with postural and environmental limitations and which involves only simple work-related decisions and ordinary routines and requires only occasional interaction with coworkers and supervisors and no team or tandem work or interaction with the general public.  Although plaintiff had no past relevant work experience, the ALJ found there were jobs existing in substantial numbers in the national and local economies she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1.  The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2.  The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.     If the claimant's impairment does not meet or equal a listed
       impairment, the ALJ must determine whether the claimant
       can perform her past work despite any limitations.

5.     If the claimant does not have the residual functional capacity
       to perform her past work, the ALJ must decide whether the
       claimant can perform any other gainful and substantial work
       in the economy.  This determination is made on the basis of
       the claimant's age, education, work experience, and residual
       functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[3]  *See also Williams v. Bowen* 844 F.2d 748, 750-52

(10th Cir. 1988).  The claimant has the initial burden of establishing a disability at the

first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to

show the claimant is capable of performing work in the national economy.  *Id.*  A finding

that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human*

*Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  *Hamilton v. Secretary of Health and Human*

*Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires

---

[3]  Throughout this opinion, I cite to relevant sections of Part 404 of Title 20 of the Code of
Federal Regulations, which contain the Commissioner's regulations relating to disability insurance
benefits.  Identical, parallel regulations can be found in Part 416 of that same title, relating to
supplemental security income benefits.

more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Acting Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

In a single point of error, plaintiff claims the ALJ erred in failing to properly assess her subjective complaints regarding the alleged impact of her mental impairment on her functional capacity.  Finding no such error in the ALJ's decision, I affirm.

In her initial application, plaintiff reported she limited her time away from home because she did not like to be around people and did not drive because she was afraid she would get road rage.  (Tr. 290-291.)  She stated she had problems with authority and had argued with coworkers in the past and did not handle stress or changes in routine well.  (Tr. 293-294.)  At the hearing, plaintiff confirmed she did not leave the house often and testified she stayed in bed all day maybe 20 days a month due to depression.  At the time of the hearing, she was homeless and living in a shelter.  (Tr. 44-45.)  The ALJ considered these reports and found them not entirely credible in light of the medical and other evidence of record.  (Tr. 21-22, 23.)

Plaintiff claims the ALJ failed to assess her reports of her alleged symptoms appropriately as required by *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987), and **Social Security Ruling** ("**SSR**")16-3p, 2016 WL 1119029 (SSA March 16, 2016).[4]  (*Cf.* Tr. 22-23 (acknowledging duty to follow this process).)  These authorities require that if the ALJ finds a medically determinable impairment which reasonably could be expected to produce the claimant's alleged symptoms, he then must evaluate, based on all the evidence, whether the intensity and persistence of the alleged symptoms are disabling. *Luna*, 834 F.2d at 163-64; **SSR** 16-3p, 2016 WL 1119029 at *2.  *See also* 20 C.F.R. § 404.1529(c).

In making that determination, the ALJ should consider a variety of factors, 20 C.F.R. § 404.1529(c)(3),[5] although he need not provide "a formalistic factor-by-factor recitation of the evidence," *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), or discuss factors for which "there is no information in the evidence of record," **SSR** 16-3p, 2016 WL 1119029 at *7.  "[S]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant[']s credibility, he need not make a formalistic factor-by-factor recitation of the evidence.  Again, common sense, not technical

---

[4]  To the extent plaintiff suggests the burden of proof shifted to the Commissioner once she produced evidence of a medically determinable impairment capable of producing her alleged symptoms, she is simply wrong.  The burden to prove disability remains with plaintiff throughout the first four steps of the sequential evaluation process, which of course includes the burden to establish the residual functional capacity.  *See Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (citing 68 F.R. 51153, 51155 (2003)).

[5]  This non-exhaustive list includes consideration of (1) the claimant's activities of daily living; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors, including psychological disorders; (4) the persistence of the claimant's attempts to find relief for these symptoms; (5) the regularity of the claimant's contact with medical professionals; (6) the type, dosage, effectiveness, and side effects of any medication; (7) treatment, other than medication, the claimant receives (or has received for her symptoms; (8) the claimant's willingness to try prescribed treatment; and/or (9) any measures the claimant uses or has used to relieve her symptoms.  20 C.F.R. § 404.1529(c)(3).  *See also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

perfection, is our guide." ***Keyes-Zachary v. Astrue***, 695 F.3d 1156, 1167 (10th Cir. 2012) (internal citation and quotation marks omitted).

That duty was discharged appropriately in this instance.[6] The ALJ specifically referenced the factors he considered in discounting plaintiff's subjective reports of the allegedly disabling effects of her depression and linked his discussion to the evidence of record.[7] ***See Hardman v. Barnhart***, 362 F.3d 676, 679-80 (10th Cir. 2004). He noted plaintiff's reports of depression, anxiety, anger, lack of motivation, impaired concentration, and difficulties being in public, as well as reported incidences of agitation and disrespect toward treatment providers. Nevertheless, the ALJ found these allegations not entirely credible based on other evidence showing plaintiff spent time with friends; consistently was found to have normal mental status on examination; consistently was reported during examinations to be alert and oriented with appropriate

---

[6] Plaintiff devotes nearly an entire page to taking the ALJ to task for considering the credibility of her various complaints of physical symptoms and limitations. This argument is a straw man in the context of the issue on which plaintiff chose to focus on appeal to this court. Nor was it error for the ALJ to consider and discuss these factors, as plaintiff also alleged a variety of physical symptoms she claimed were disabling; indeed, the overwhelming majority of her testimony at the hearing concerned her physical impairments and their alleged effects on her daily functioning. (***See*** Tr. 42-44.)

[7] Plaintiff faults the ALJ for citing to the entirety of record exhibits rather than identifying evidentiary support by more specific record references. While this practice may make the ALJ's decision impossible to review where the cited exhibits are voluminous, ***see Cira v. Colvin***, 67 F.Supp.3d 1206, 1209-10 (D. Colo. 2014), such is not the case here. The records relating to plaintiff's mental impairment comprise two exhibits which collectively include less than 60 pages. (***See*** Tr. 358-413.)

Moreover, the Commissioner has provided a host of pinpoint record citations which fully substantiate the ALJ's assessment. Insofar as these citations merely support a rationale the ALJ himself put forward, they do not constitute an impermissible post-hoc rationalization. ***See Putnam v. Commissioner, SSA***, 789 Fed. Appx. 694, 698 (10th Cir. 2019) (although ALJ cited to three exhibits, "the record contains other evidence supporting his conclusions"); ***Purvis v. Colvin***, 2013 WL 3147642 at *8 n.2 (D. Kan. June 19, 2013) (citation to additional evidence supporting ALJ's rationale is not a prohibited post-hoc rationalization). Nor does plaintiff argue, much less demonstrate, that the ALJ mischaracterized these records or that they are contradicted by other evidence of record apart from her own subjective complaints.

mood and affect, normal insight and judgment, normal speech and memory, and fair concentration;[8] that plaintiff's mental health symptoms improved with treatment and worsened with noncompliance; and that the treatment she did receive was relatively conservative.[9]  All these observations were appropriate to consider in evaluating plaintiff's credibility and were linked to evidence in the record.  (Tr. 21-22, 24, 26.)[10]  *See Pacheco v. Sullivan*, 931 F.2d 695, 698 (10th Cir. 1991) (impairment which responds to treatment is not disabling); *Ghini v. Colvin*, 82 F.Supp.3d 1224, 1234 n.11 (D. Colo. 2015) (activities of daily living);[11] *Schmer v. Astrue*, 2011 WL 3331446 at *9

---

[8]  Plaintiff maintains this reason is not sufficiently specific and does not bear on her abilities in a work-related setting "especially when the ALJ made speculative inferences from one part of the medical report which rejecting the rest of the report."  (**Plf. Br.** at 7.)  Her citation to *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002), in support of this argument is inapt, as the Tenth Circuit there was discussing the ALJ's role in assessing the credibility of medical source opinions, not that of a claimant's allegations when compared to the evidence of record.  *See id.* at 1252.  Moreover, she fails to identify specifically how she believes the ALJ's assessment is based on speculation or unfounded inference.

[9]  Plaintiff claims it is "simply incorrect" for the ALJ to conclude her psychological symptoms improved with treatment, pointing to a treatment note from November 2023 in which it was noted her symptoms had improved "slightly" with Risperdal.  (*See* Tr. 404.)  That argument ignores that Risperdal had been recommended for poor sleep, not depressive symptoms; the semicolon phrase thereafter discussed plaintiff's sleep habits.  (Tr. 404.)  Moreover, the report on which plaintiff relies is the last evidence regarding *any* mental health treatment in the record, suggesting plaintiff did not continue with mental health counseling (although she continued to take Wellbutrin) after November 2023, which itself is an appropriate consideration in evaluating the credibility of her subjective complaints.  *See Castolenia v. Berryhill*, 2019 WL 1991949 at *5 (D. Colo. May 6, 2019); *Starr v. Berryhill*, 2018 WL 899253 at *4 (D. Colo. Feb. 15, 2018).

[10]  The ALJ's discussion of some of this evidence in evaluating plaintiff's mental impairments at step two of the sequential evaluation (Tr. 21-22) reinforces his subsequent discussion of these matters at step four (Tr. 24, 26).  *See Martinez v. Colvin*, 2016 WL 1247765 at *4 (D. Colo. March 30, 2016) (ALJ need not reiterate prior discussion of the evidence; "There is no need . . . to replow this same ground yet again when the court is able to meaningfully review the ALJ's opinion without such redundancy[.]") (citation and internal quotation marks omitted).

[11]  Elsewhere in his opinion, the ALJ noted that during her alleged period of disability, plaintiff lived alone, cared for two dogs, cut firewood, and rode a bike, which he concluded showed greater abilities to concentrate; to persist and maintain pace; sustain focus, motivation, and energy; and manage herself.  (Tr. 21-22.)  *See Ghini*, 82 F.Supp.3d at 1234 n.11 ("[A]ctivities of daily living ... bear on a plaintiff's credibility to the extent that the level of activity is in fact inconsistent with the claimed limitations.") (citations and internal quotation marks omitted).

(D. Colo. Aug. 2, 2011) (observations of treating and examining sources).  *See also* 20 C.F.R. § 404.1529(c) (listing appropriate considerations for evaluating credibility).

Moreover, despite finding plaintiff's allegations not entirely credible, the ALJ imposed significant non-exertional restrictions on her abilities to make work-related decisions, perform as part of a team, and interact with coworkers, supervisors, and the general public.  (Tr. 22.)  In so doing, he found the opinions of the state agency psychological consultants not entirely persuasive because they failed to account for plaintiff's prior anger issues and social anxiety.  (Tr. 24.)  He therefore obviously gave partial credence to plaintiff's subjective complaints and crafted a psychological residual functional capacity more restrictive than these medical opinions based on that assessment.  His opinion in this regard evidences a thoughtful and thorough analysis of the evidence and admits of no error.

At best, plaintiff's arguments are simply a disagreement with the ALJ's conclusions from the evidence.  This court cannot reweigh the evidence in the way entertaining those arguments would require.  Where, as here, the evidence admits of two or more conflicting views, the ALJ's choice between them cannot be error.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *Grandusky v. Berryhill*, 2018 WL 2722465 at *5 (D. Colo. June 6, 2018).  There was no error in that choice here.

### IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated April 17, 2026, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge